# SUPREME COURT.

## HELEN M. WARD, respondent, agt. EDGAR C. BUNDY, appellant.

*A county judge has authority to make an order out of court—at chambers—to stay proceedings on a judgment until the hearing and decision of a motion for a new trial in the county court.*

*Albany General Term, March,* 1872.

*Before* MULLIN, *P. J.,* POTTER *and* BALCOM, *JJ.*

THIS is an appeal from an order of the county judge of Otsego county made at chambers, on the 10th day of January, 1872, staying defendant's proceedings on judgment until the hearing and decision of motion for a new trial in the county court.

The action was tried at the June term, 1871, and a verdict for the plaintiff for less than $50. Both parties moved for time to make a case, &c., and an order was entered on the defendant's motion, but none on the plaintiff's motion.

Plaintiff made a case, and amendments were proposed and settled, as the order entered did not stay proceedings. Defendant's attorney served copy, costs and motion of adjustment for December 29, and on that day judgment was entered. Plaintiff's attorney then served motion papers for the 10th of January, at the office of the county judge to stay defendant's proceedings. Defendant appeared with an affidavit and transcript of the judgment, and objected for want of authority in the judge to hear the motion at chambers

The judge made the order, which was entered by the clerk, from which this appeal is taken.

L. S. BUNDY, *for appellant.*
N. C. MOAK, *for respondent.*

*By the court,* MILLER, *P. J*—I think the county judge was authorized to grant the order in question. By section 31 of the Code the county court is always open for the transaction of business for which no notice is required to be given to the opposing party. This relates, I think, to the transaction of the ordinary business of the county court, and not to orders which may be otherwise made by the county judge in his official capacity while not sitting as a county court.

Section 401 of the Code provides for motions to be made to "a judge, or justice out of court," which would seem to include a judge of the county, and other courts as well as justices of the supreme court, and subdivision 6 of this section provides that "no order to stay proceedings for longer than twenty days shall be granted by a judge out of court, except to stay proceedings under an order, or judgment appealed from, or upon previous notice to the adverse party."

By section 8 of the Code, the provision last cited is made applicable to actions in the county court. It would, therefore seem, that the order of the county judge was proper under section 401. It may be added that the last subdivision of section 366 applies the rules of practice of the supreme court to actions tried in the county court. Section 402 also provides for motions to be made out of court to a judge on the usual notice of eight days which, as already seen under section 8, is applicable to county courts.

The provision in section 362 as to amended returns does not militate against section 401 as the latter section relates to proceedings affecting the merits of the case, and not to an order as to the practice.

While section 31 may have full force and effect, in relation to the county court, which had no power at the time it was adopted to try causes, it does not impair the power of a

judge in any case out of court to grant an order to stay proceedings.

The order in question is not made by the court while sitting as such, but by a judge out of court, the same as any other order which he has the power to make as a judge. It appears to be eminently proper that a judge out of court should be vested with authority to control the practice of his own court so far as relates at least to a stay of proceeding for the purpose of allowing the party to bring in his case for argument. I think that the exceptions should be first heard in the county court before an appeal is taken (30 *How.*, 4), but even if an appeal may bring up the whole case, there can be no objection to such a course. As the county judge was right in granting the order, it should stand. Order affirmed with $10 costs of appeal.